UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

ANDRE RAWLS,                              )
                                          )
       Plaintiff,                       )
                                          )
v.                                        )      CIVIL NO._____
                                          )
CITY OF PORTSMOUTH                        )
                                          )
and                                       )
                                          )
BLAKE FRITZMAN, individually as a         )
member of the Portsmouth Police           )
Department.                               )
                                          )
       Defendants.                      )

## COMPLAINT

Plaintiff, Andre Rawls, by counsel, states the following for his Complaint against Defendants City of Portsmouth and Blake Fritzman:

### Jury Demand

1. Plaintiff hereby demands a trial by jury.

### Parties, Jurisdiction, and Venue

2. Plaintiff Andre Rawls (hereinafter, "Plaintiff" or "Rawls") is a citizen of the Commonwealth of Virginia and brings this action on behalf of himself.

3. Defendant Blake Fritzman (hereinafter "Defendant" or "Officer Fritzman") was at all times relevant hereto a police officer with the Portsmouth Police Department and was at all times relevant hereto acting under color of law and within the scope of his employment. Officer Fritzman is sued only in his individual capacity.

4. Defendant City of Portsmouth (hereinafter, "City of Portsmouth") is a municipality established under the laws of Virginia. The Portsmouth Police Department (hereinafter, the

"Portsmouth PD") is subject to the authority, control, and discipline of the City of Portsmouth.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 and under this Court's authority to decide pendant state law claims.

6. Plaintiff files this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Specifically, Plaintiff alleges that his rights under the Fourteenth Amendment to the United States Constitution were violated by Defendants when they used excessive and unreasonable force during the detainment and arrest of Plaintiff on June 19, 2022 in the City of Portsmouth, Virginia.

7. Venue is proper pursuant to 28 U.S.C. § 1402(B) and 28 U.S.C. § 1391 in that some or all of the events, acts, or omissions giving rise to this cause of action occurred within this Court's territory.

**Facts**

8. All the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

9. At all times relevant hereto, Rawls suffered from schizophrenia and experienced recurring mental health crises.

10. Prior to June 19, 2022, Rawls resided on Greenwood Drive in the City of Portsmouth with his ex-girlfriend and her family.

11. On the morning of June 19, 2022, Rawls was experiencing a mental health crisis from his schizophrenia.

12. On the morning of June 19, 2022, Rawls decided to walk from his home in the City of Chesapeake to his prior residence on Greenwood Drive to visit with his ex-girlfriend and her family.

13. Due to his mental illness, Rawls was not aware that his ex-girlfriend and her family no longer lived at his prior residence on Greenwood Drive.

14. Rawls arrived at Greenwood Drive in the late morning, entered the front porch of his prior residence, and knocked on the front door.

15. Nobody answered the door, so Rawls laid down to rest.

16. Upon information and belief, the current resident or another neighborhood resident called 911 and reported that Rawls was lying down in the front yard.

17. Upon information and belief, EMTs arrived at the residence, evaluated Rawls, determined he was not a threat to himself or others, and left the scene.

18. After the EMTs left the scene, Rawls again entered the front porch of his prior residence and knocked on the front door.

19. This time the resident answered the door accompanied by a dog.

20. Rawls felt threatened by the dog and grabbed an implement believed to be a grilling fork from the front porch to protect himself.

21. Rawls did not attack, assault, or threaten the resident.

22. Rawls exited the front porch while still holding the grill fork and was attempting to leave the property when he encountered Officer Fritzman in the front yard.

23. Upon information and belief, Officer Fritzman was dispatched to the scene by the Portsmouth PD to complete a welfare check on Rawls.

24. Upon information and belief, Officer Fritzman knew Rawls was experiencing a mental health crisis when he arrived on the scene.

25. Despite this knowledge, Officer Fritzman did not attempt to talk with Rawls but, rather, immediately confronted Rawls and began to yell at him.

26. Rawls repeatedly told Officer Fritzman he was "good" and attempted to walk away from the property.

27. At no point did Rawls attack, assault, or threaten Officer Fritzman.

28. Rawls continued to attempt to leave the property at which point Officer Fritzman tased Rawls in his abdomen, shoulder, and upper body.

29. Upon information and belief, Officer Fritzman discharged his taser despite the fact that Rawls was unarmed and did not pose an objectively reasonable threat of imminent bodily harm to Officer Fritzman or anyone else.

30. Upon information and belief, Officer Fritzman discharged his taser despite the fact that Rawls made no threats to Officer Fritzman, did not attack Officer Fritzman, and was attempting to walk away from him.

31. Rawls did not go to the ground and, after being tased, continued to try to leave the property by walking down Greenwood Drive and away from Officer Fritzman.

32. Officer Fritzman began yelling at Rawls again and pointed his service firearm at Rawls.

33. Rawls continued to walk down Greenwood Drive and away from Officer Fritzman.

34. Officer Fritzman positioned himself in front of Rawls and continued to yell at Rawls while walking backwards.

35. Rawls did not attack, assault, or threaten Officer Fritzman but, rather, continued to walk down Greenwood Drive and away from Officer Fritzman until he eventually turned and walked towards Officer Fritzman.

36. Officer Fritzman then fired seven (7) shots, five (5) of which struck Rawls in both legs and his right arm causing serious injury to Rawls.

4

37. Upon information and belief, Officer Fritzman discharged his firearm without proper warning and without reasonable justification, thereby seriously injuring Rawls.

38. Rawls did not pose an objectively reasonable threat of imminent death or serious bodily harm to Officer Fritzman, which would justify the use of deadly force, when he was shot by Officer Fritzman.

39. Rawls did not pose an objectively reasonable threat of imminent death or serious bodily harm to members of the general public, which would justify the use of deadly force, when he was shot by Officer Fritzman.

40. At the time of the shooting, Rawls was unarmed and was not threatening or attempting to assault Officer Fritzman.

41. Following the use of his taser, Officer Fritzman did not attempt to use non-lethal force, did not call for back-up, and did not use a non-lethal weapon to subdue Rawls prior to, or instead of, shooting him.

42. Upon information and belief, Officer Fritzman made no attempts to deescalate the situation or complete a wellness check on Rawls, despite objective and obvious signs that Rawls was an emotionally disturbed person and experiencing a mental health crisis.

43. Upon information and belief, Officer Fritzman did not warn Rawls that he would shoot before opening fire.

## COUNT I – EXCESSIVE USE OF FORCE UNDER 42 U.S.C. § 1983

44. All the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

45. Officer Fritzman, while acting under the color of law and within the scope of his

employment, violated Rawls' constitutional rights by using excessive and unreasonable force during the detainment and arrest of Rawls on June 19, 2022 resulting in serious bodily injury to Rawls.

46. At all material times, Officer Fritzman was acting as a Portsmouth PD officer.

47. The actions of Officer Fritzman violated the rights guaranteed to Rawls under the Fourteenth Amendment to the United States Constitution.

48. The actions of Officer Fritzman were not taken in good faith, were objectively unreasonable, and were in violation of clearly established law.

49. At all material times, Officer Fritzman did not have an objectively reasonable fear of imminent bodily harm when he tased Rawls, which would justify his excessive use of force.

50. At all material times, Officer Fritzman did not have an objectively reasonable fear of imminent bodily harm when he shot Rawls, which would justify his excessive use of force.

51. At all material times, Officer Fritzman did not have an objectively reasonable belief that any other person was in danger of imminent bodily harm from Rawls, which would justify his excessive use of force.

52. Officer Fritzman's actions were unlawful and unjustified.

53. As a direct and proximate result of Officer Fritzman's unreasonable, unjustified, and unconstitutional tasing and shooting of Rawls, Rawls was caused to suffer severe, serious, and permanent physical injuries, lost wages, suffer bodily pain and mental anguish, and incur past and future medical and other related expenses to treat the injuries caused by Officer Fritzman.

54. In addition to compensatory damages, Rawls seeks to recover, under 42 U.S.C. § 1983, attorney's fees and costs incurred in this litigation.

55. The actions of Officer Fritzman were reprehensible, willful, wanton, reckless, and

evince a conscious disregard for the health, rights, safety, and welfare of Rawls thereby justifying an award of punitive damages.

## COUNT II – BATTERY

56. All the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

57. Officer Fritzman intentionally touched Rawls when he tased Rawls.

58. Officer Fritzman intentionally touched Rawls when he shot Rawls.

59. Rawls did not want to be tased or shot by Officer Fritzman.

60. Officer Fritzman's tasing of Rawls was unreasonable, unlawful, unjustified, unconstitutional and without Rawls' consent.

61. Officer Fritzman's shooting of Rawls was unreasonable, unlawful, unjustified, unconstitutional and without Rawls' consent.

62. Officer Fritzman committed battery upon Rawls, proximately causing Rawls severe and permanent injury.

63. As a direct and proximate result of Officer Fritzman's battery of Rawls, Rawls was caused to suffer severe, serious, and permanent physical injuries, lost wages, suffer bodily pain and mental anguish, and incur past and future medical and other related expenses to treat the injuries caused by Officer Fritzman.

64. The actions of Officer Fritzman were reprehensible, willful, wanton, reckless, and evince a conscious disregard for the health, rights, safety, and welfare of Rawls thereby justifying an award of punitive damages.

65. The City of Portsmouth is vicariously liable for the acts of Officer Fritzman

committed within the scope of his employment with the Portsmouth PD.

## COUNT III – GROSS NEGLIGENCE

66. All the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

67. At all material times, Officer Fritzman had a duty to use reasonable care toward Rawls.

68. Officer Fritzman negligently breached this duty of care when he unreasonably and unlawfully tased Rawls.

69. Officer Fritzman negligently breached this duty of care when he unreasonably and unlawfully shot Rawls.

70. Officer Fritzman's conduct showed a total indifference to others, namely Rawls, and constituted an utter disregard of prudence that amounted to a complete neglect of the safety of Rawls. Officer Fritzman, therefore, was grossly negligent.

71. As a direct and proximate result of Officer Fritzman's gross negligence, Rawls was caused to suffer severe, serious, and permanent physical injuries, lost wages, suffer bodily pain and mental anguish, and incur past and future medical and other related expenses to treat the injuries caused by Officer Fritzman.

72. The actions of Officer Fritzman were reprehensible, willful, wanton, reckless, and evince a conscious disregard for the health, rights, safety, and welfare of Rawls thereby justifying an award of punitive damages.

73. The City of Portsmouth is vicariously liable for the acts of Officer Fritzman committed within the scope of his employment with the Portsmouth PD.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. All the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

75. Officer Fritzman's excessive actions towards Rawls were so extreme and outrageous as to exceed the bounds of decency.

76. Officer Fritzman acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from his conduct.

77. Officer Fritzman's actions caused Rawls to suffer severe emotional distress.

78. The emotional distress was so severe that no reasonable person could be expected to endure it.

79. As a direct and proximate result of Officer Fritzman's unreasonable and unjustified tasing and shooting of Rawls, Rawls suffered severe emotional distress, mental and emotional pain and suffering, both in the past and in the future, an impairment of the capacity to enjoy life, both in the past and in the future, annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

80. The actions of Officer Fritzman were reprehensible, willful, wanton, reckless, and evince a conscious disregard for the health, rights, safety, and welfare of Rawls thereby justifying an award of punitive damages.

81. The City of Portsmouth is vicariously liable for the acts of Officer Fritzman committed within the scope of his employment with the Portsmouth PD.

## COUNT V – NEGLIGENT TRAINING AND SUPERVISION

82. All the foregoing and preceding paragraphs of this Complaint are incorporated by

reference as if fully set forth herein.

83. At all times relevant hereto, the City of Portsmouth and/or the Portsmouth PD owed Rawls a duty of care.

84. The City of Portsmouth and/or the Portsmouth PD owed Rawls a duty to properly train and supervise Portsmouth PD officers, including Officer Fritzman.

85. Upon information and belief, the City of Portsmouth and/or the Portsmouth PD failed to adequately train its officers, including Officer Fritzman, concerning, among other things, the use of excessive force, how to conduct welfare checks, and how to interact with individuals experiencing mental health crises.

86. Upon information and belief, Officer Fritzman was not adequately supervised by the City of Portsmouth and/or the Portsmouth PD.

87. The City of Portsmouth and/or the Portsmouth PD have the authority to formulate, implement, and administer the policies, procedures, customs, and practices of their respective agencies and thus represent their official policies.

88. As a direct and proximate result of the City of Portsmouth and/or the Portsmouth PD's breach of their duties of care, Rawls suffered severe emotional distress, mental and emotional pain and suffering, both in the past and in the future, an impairment of the capacity to enjoy life, both in the past and in the future, annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Blake Fritzman and the City of Portsmouth holding them jointly and severally liable to Plaintiff in the amount of Ten Million Dollars ($10,000,000.00) for compensatory and punitive damages, for attorneys' fees under 42 U.S.C. § 1983, for expenses and costs of litigation, and for such other and further relief

as this Court deems appropriate.

**ANDRE RAWLS**

By: _____
        Counsel

Jason E. Messersmith, Esq. (VSB #77075)
F. Alex Coletrane, Esq. (VSB #78381)
Coletrane & Messersmith
749 Thimble Shoals Blvd.
Newport News, VA 23606
E-mail:  jason@cmlawva.com
Telephone: (757) 223-4548
Facsimile: (757) 296-9984
*Counsel for Plaintiff*

Steven L. Washington, Esq. (VSB #89819)
Steven L. Washington Law Firm
999 Waterside Drive, Suite 2525
Norfolk, VA 23510
Email: steven@slwashingtonlawfirm.com
Telephone: (757) 582-0659
*Counsel for Plaintiff*